UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT MICHAEL M.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19-5386 MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting the medical opinion of Alysa A. Ruddell, Ph.D. (Dkt. # 10 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1977, has the equivalent of a high school education, and has worked as a construction laborer, a line cook, and a fire wash/welder helper at a shipyard for Labor Ready. AR at 37-38, 40, 50. Plaintiff was last gainfully employed in 2016. *Id.* at 45.

ORDER - 1

On July 24, 2016, Plaintiff applied for benefits, alleging disability as of November 1, 2015. *Id.* at 15, 40. Plaintiff's date last insured is June 30, 2016. *Id.* at 35. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 15. After the ALJ conducted a hearing on January 25, 2018, the ALJ issued a May 14, 2018 decision finding Plaintiff not disabled. *Id.* at 12-29.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since November 1, 2015, the alleged onset date.

Step two: Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, cannabis use disorder, and methamphetamine dependence in reported remission.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform a full range of work at all exertional levels, except that Plaintiff can only perform simple, repetitive tasks, engage in superficial interactions with others, and perform work with few simple, routine changes and simple decisions.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

*Id.* at 12-25.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. *Id.* at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

## III.     LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

### A.     The ALJ Did Not Err in Evaluating the Medical Opinion Evidence

#### *1.     Legal Standard*

If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988).

"This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions: "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

As examining physician Alysa A. Ruddell, Ph.D. found Plaintiff more limited than any other doctor in the record, the ALJ was required to articulate specific and legitimate reasons, supported by substantial evidence, for rejecting her opinion. *See Lester v. Chater*, 83 F.3d 821, 830 (9th Cir. 1995). As discussed below, the Court finds the ALJ properly did so.

### 2. *Alysa A. Ruddell, Ph.D.*

Plaintiff contends that the ALJ erred by rejecting the July 2016 medical opinion of Dr. Ruddell. AR at 361-65. Dr. Ruddell performed a psychological examination of Plaintiff for DSHS, and diagnosed depressive disorder and cannabis use disorder. *Id*. at 362. She opined that he was markedly impaired in several areas of basic work activities. *Id*. at 363. Specifically, Dr. Ruddell opined that Plaintiff had marked limitations in learning new tasks, adapting to changes in a routine work setting, maintaining appropriate behavior in a work setting, completing a normal workday and workweek without interruptions from psychologically based symptoms, and setting realistic goals and planning independently. *Id*. Dr. Ruddell further opined that Plaintiff had moderate limitations performing activities within a schedule, performing routine tasks without special supervision, avoiding normal hazards, making simple work-related decisions, asking simple questions or requesting assistance, and communicating and performing effectively in a work setting. *Id*. Dr. Ruddell assessed Plaintiff with a global assessment of functioning

(GAF) score of 41-50, and found that his impairments were not primarily the result of alcohol or drug use, although she recommended chemical dependence assessment or treatment. *Id.*

The ALJ rejected Dr. Ruddell's opinion on the grounds that Plaintiff was unmedicated at the time of the examination, and that Dr. Ruddell based her opinion in part on Plaintiff's self-reports when he was not forthcoming with her about his past drug use, criminal history, and chemical dependency treatment. AR at 22. Specifically, the ALJ found that Dr. Ruddell's assessment of moderate difficulty in social functioning, concentration, and adaptation more consistent with Plaintiff's treatment history, testimony, and presentation throughout the record. *Id.* However, the ALJ found that "the marked limitations set forth by Dr. Ruddell are not consistent with the longitudinal record. At the time of this evaluation, the claimant had been unmedicated for a year, even though he told his providers he does well on medications, as the record shows." *Id*. Additionally, "Dr. Ruddell based her opinion in part on the claimant's self-reports, but he was not forthcoming with her" with respect to his history of methamphetamine dependence, and use of other illicit substances. *Id*. Plaintiff reported to Dr. Ruddell "that he had no felonies or chemical dependency treatment, but he testified at the hearing that he served a prison sentence and underwent treatment while incarcerated." *Id*. As a result, the ALJ afforded Dr. Ruddell's assessment of marked limitations "little weight," and afforded "some weight" to the mild to moderate limitations she identified. *Id*.

Plaintiff contends that the ALJ's step four finding that Plaintiff could not perform his past relevant work undermined his conclusion that Dr. Ruddell's opinion failed to take into account the improvement in Plaintiff's symptoms associated with medication. (Dkt. # 10 at 3.) In addition, Plaintiff argues that the ALJ erred by simply finding in a conclusory manner that Dr. Ruddell "based her opinion in part on the claimant's self-reports," which the ALJ had found to

be less than reliable. (*Id*. at 4.) Plaintiff asserts that an ALJ may only properly discount a medical opinion that is "*premised to a large extent* upon the claimant's own accounts of his symptoms and limitations . . . where those complaints have been properly discounted." *Morgan v. Commissioner*, 169 F.3d 595, 602 (9th Cir. 1999) (emphasis added). Plaintiff points out that Dr. Ruddell also based her opinion on her clinical interview of Plaintiff and Mental Status Examination, which are "objective measures and cannot be discounted as a self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). For example, on mental status examination, Dr. Ruddell observed an unkempt appearance, depressed mood, paranoid content of thought, recent impaired memory, and impaired executive functioning. AR at 362. Plaintiff argues that because the RFC assessment did not include Dr. Ruddell's opinions as to Plaintiff's workplace limitations, the ALJ's failure to credit her opinion constituted harmful error. (Dkt. # 10 at 5.)

The Court finds that the ALJ's reasons for discounting Dr. Ruddell's assessment of marked limitations were specific, legitimate, and supported by substantial evidence in the record. First, the ALJ found that Plaintiff was unmedicated at the time of his July 2016 examination with Dr. Ruddell, which may have largely caused her to assess the marked limitations the ALJ found inconsistent with the longitudinal record. AR at 22. In August 2016, Plaintiff reported that he had not received regular medical care for two years, and therefore the ALJ could reasonably conclude that he was not taking the medication at the time of Dr. Ruddell's assessment. *Id*. at 389, 526. The ALJ pointed out that the record reflected that Plaintiff had "worked well" in the past and had a "relatively good work history" (2004-2012) when he was taking medication such as Remeron. *Id*. at 21, 227. He had also reported improvement in his anxiety and mood by November 2016, when he was once again prescribed Remeron (and added Abilify). *Id.* at 21, 517, 526. The ALJ could reasonably conclude that the fact that Dr. Ruddell appears to have

examined Plaintiff during the period of time when he was off his prescribed medication that improved his symptoms and functioning most likely contributed to her assessment of more severe limitations than the other physicians in the record.

In addition, contrary to Plaintiff's suggestion that the ALJ's reasoning was inconsistent, the Court finds that the ALJ did not use Plaintiff's past work history as evidence that Plaintiff could still perform his past work. Rather, the ALJ cited Plaintiff's work history as evidence that when Plaintiff was medication compliant, he was able to function at a higher level than found by Dr. Ruddell. Evidence of medical treatment successfully relieving symptoms can undermine a claim of disability. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017). The ALJ's reasoning was specific, legitimate, and supported by substantial evidence.

Finally, the ALJ reasonably found that Dr. Ruddell's opinion was not fully informed because her clinical interview notes reflect that Plaintiff omitted significant information about his history, such as his methamphetamine dependence, use of other illicit substances, criminal history, and chemical dependency treatment. AR at 22, 42, 361-62, 469. The nature of Plaintiff's inconsistent statements concerning his past substance abuse and treatment was a specific and legitimate reason for the ALJ to discount Dr. Ruddell's opinion, because a claimant's "lack of candor [about his drug and alcohol use] carries over to [their] description of [symptoms]." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In addition, the ALJ's primary concern about Plaintiff's subjective complaints appears to have been that Plaintiff made inconsistent statements and excluded material information about his background and substance use, and not simply that Dr. Ruddell over-relied on his statements. *See Morgan*, 169 F.3d at 602. The ALJ did not err by finding that, in light of the fact that Dr. Ruddell was not provided with an accurate and

complete version of Plaintiff's history, her opinion was less reliable than other opinions in the medical record.

Accordingly, the ALJ could reasonably conclude that Dr. Ruddell's observations of Plaintiff were less reliable, because Plaintiff's unmedicated presentation was inconsistent with the overall record showing effective management of symptoms when Plaintiff was medication compliant, and Dr. Ruddell was given an inaccurate narrative of Plaintiff's history. These are specific and legitimate reasons, supported by substantial evidence, for the ALJ to afford Dr. Ruddell's opinion little weight. As Plaintiff has not shown that the ALJ committed harmful error in rejecting the marked limitations identified by Dr. Ruddell, he has also not shown any error in the RFC assessment or at step five.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 19th day of September, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge